UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

William Grecia,

              Plaintiff,        ___ Civ. _____ (    )

    - against –                      **COMPLAINT**

MasterCard Incorporated,

              Defendant.

------------------------------x

William Grecia brings this patent-infringement action against MasterCard Incorporated ("MasterCard").

## Parties

1. William Grecia is an individual residing in Downingtown, Pennsylvania.

2. MasterCard is a Delaware corporation, having its principal place of business in Purchase, New York.

## Jurisdiction and Venue

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over MasterCard. MasterCard conducts continuous and systematic business in this District; and this patent-infringement case arises directly from MasterCard's continuous and systematic activity in

this District. In short, this Court's exercise of jurisdiction over MasterCard would be consistent with the New York long-arm statute and traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1400(b).

## Count 1 – Infringement of U.S. Patent No. 8,887,308

7. Mr. Grecia owns United States Patent 8,887,308 (the "'308 patent") (attached hereto as Exhibit A).

8. MasterCard infringes claim 1 of the '308 patent through provision of BankNet and the MasterCard Digital Enablement Service.

9. For illustration, and without limitation to the services and attributes of those services that Grecia alleges infringe claim 1 of the '308 patent, MasterCard infringes the '308 patent as follows:

    a. Claim 1's process begins by "receiving an access request for cloud digital content through an apparatus in process with at least one CPU . . . ." (Ex. A, 14:34-35.) BankNet performs this step when a BankNet apparatus (the "Apparatus") receives an individual's primary account number ("PAN") associated with the individual's credit card.

    b. In claim 1, the process involves "authenticating the verification token of (a) using a database recognized by the apparatus of (a) as a verification token database . . . ." (Ex. A, 14:45-47.) BankNet performs this step when BankNet authenticates the individual's PAN with the issuer (i.e., the bank that issued the credit card to the individual).

c. Next, claim 1 involves "establishing an API communication between the apparatus of (a) and a database apparatus . . . wherein establishing the API communication requires a credential assigned to the apparatus of (a) . . . ." (Ex. A, 14:48-55.) BankNet performs step (c) of claim 1 when BankNet establishes a connection between the Apparatus and BankNet's token service provider. This API communication is possible because BankNet has been issued and assigned a "Token Requestor ID" per the EMVCo Tokenization Specification.

d. Claim 1 involves "requesting the query data . . . wherein the query data request is a request for the at least one verified web service identifier . . . ." (Ex. A, 14:63-15:2.) BankNet performs this step of the '308 patent's process when BankNet requests and receives a token (i.e., one or more numbers recognized by BankNet as a tokenization value).

e. Claim 1 involves "creating a computer readable authorization object by writing into the datastore of (a) at least one of: the received verification data of (a); and the received query data of (e) . . . ." (Ex. A, 15:3-6.) BankNet performs this step when BankNet writes the token (i.e., received query data of (e)) to the BankNet token vault (the "Vault").

f. Finally, "the computer readable authorization object is processed by the apparatus of (a) using a cross-referencing action during subsequent user access requests to determine one or more of a user access permission for the cloud digital content." (Ex. A, 15:10-15.) BankNet

processes the token subsequently when the individual makes purchases and the token is cross-referenced with the PAN.

10. On January 7, 2015, Mr. Grecia disclosed the '308 patent to MasterCard. In addition, Mr. Grecia provided MasterCard with a claim chart analyzing an example of MasterCard's infringement of the '308 patent. In addition, Mr. Grecia's counsel had telephone discussions with MasterCard's counsel regarding the '308 patent and Mr. Grecia's patent portfolio, as well as how MasterCard's systems and services infringe these patents. In addition, Mr. Grecia offered MasterCard a non-exclusive license to his entire patent portfolio, including the '308 patent, the '860 patent, and the '555 patent. Based on this, Mr. Grecia alleges that MasterCard knowingly and willfully infringes claim 1 of the '308 patent.

## Count 2 – Infringement of U.S. Patent No. 8,533,860

11. Mr. Grecia owns United States Patent 8,533,860 (the "'860 patent") (attached as Exhibit B).

12. MasterCard infringes claims 1, 2, 3, 4, 9, 10, 11, 12, 13, 15, 16, 17, and 18 of the '860 patent through provision of BankNet and the MasterCard Digital Enablement Service.

13. For illustration, and without limitation to the systems and services and attributes of those systems and services that Grecia alleges infringe the claims of the '860 patent, MasterCard infringes claim 1 of the '860 patent as follows:

    a. Claim 1 involves "receiving a digital content access request from at least one communications console of the plurality of data processing devices, the access being a read or write request of metadata of the

digital content . . . the request comprising a verification token provided by a first user corresponding to the digital content . . . ." (Ex. B, 14:37-46.) BankNet performs this step when the Apparatus receives an individual's PAN. The request is received from any one of the individual's mobile telephone, a merchant's point of sale terminal, or a bank's automatic telling machine. This access request is processed by BankNet as a write request to the Vault.

b. In claim 1, the method includes "authenticating the verification token . . . ." (Ex. B, 14:50.) BankNet performs this step when BankNet authenticates the individual's PAN with the issuer.

c. Claim 1: "establishing a connection with the at least one communications console . . . wherein the API is obtained from a verified web service, the web service capable of facilitating a two way data exchange to complete a verification process wherein the data exchange session comprises at least one identification reference . . . ." (Ex. B, 14:51-59.) BankNet performs this step of claim 1 when BankNet establishes a connection between the Apparatus and BankNet's token service provider. This API communication is possible because BankNet has been issued and assigned a "Token Requestor ID" per the EMVCo Tokenization Specification.

d. In claim 1, the identification reference is requested and received from the communications console. (Ex. B, 14:60-15:2.) BankNet performs this step of claim 1's method when BankNet requests and receives a

5

    token (i.e., one or more numbers recognized by BankNet as a tokenization value).

  e. Claim 1 involves "writing at least one of the verification token or the reference into the metadata." (Ex. B, 15:3-4.) BankNet performs this step when BankNet writes the token to the Vault.

14. On January 7, 2015, Mr. Grecia disclosed the '308 patent to MasterCard. In addition, Mr. Grecia provided MasterCard with a claim chart analyzing an example of MasterCard's infringement of the '308 patent. In addition, Mr. Grecia's counsel had telephone discussions with MasterCard's counsel regarding the '308 patent and Mr. Grecia's patent portfolio, as well as how MasterCard's systems and services infringe these patents. In addition, Mr. Grecia offered MasterCard a non-exclusive license to his entire patent portfolio, including the '308 patent, the '860 patent, and the '555 patent. Based on this, Mr. Grecia alleges that MasterCard knowingly and willfully infringes the '860 patent.

### Count 3 – Infringement of U.S. Patent No. 8,402,555

15. Mr. Grecia owns United States Patent 8,402,555 (the "'555 patent") (attached as Exhibit C).

16. MasterCard infringes claims 1, 2, 3, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 21, 22, 23, 24, and 25 of the '555 patent through provision of BankNet and the MasterCard Digital Enablement Service.

17. For illustration, and without limitation to the systems and services and attributes of those systems and services that Grecia alleges infringe the claims of the '555 patent, MasterCard infringes claim 1 of the '555 patent as follows:

a. Claim 1 involves "receiving an encrypted digital media access branding request from at least one communications console of the plurality of data processing devices, the branding request being a read or write request of metadata of the encrypted digital media, the request comprising a membership verification token provided by a first user . . . ." (Ex. C, 14:39-44.) BankNet performs this step when the Apparatus receives an individual's PAN. The request is received from any one of the individual's mobile telephone, a merchant's point of sale terminal, or a bank's automatic telling machine. This access request is processed by BankNet as a write request to the Vault.

b. Claim 1: "authenticating the membership verification token, the authentication being performed in connection with a token database . . . ." (Ex. C, 14:46-48.) BankNet performs this step when BankNet authenticates the individual's PAN with the issuer.

c. Claim 1: "establishing a connection with the at least one communications console . . . wherein the API is obtained from a verified web service, the verified web service capable of facilitating a two way data exchange to complete a verification process . . . ." (Ex. C, 14:49-55.) BankNet performs this step of claim 1 when BankNet establishes a connection between the Apparatus and BankNet's token service provider. This API communication is possible because BankNet has been issued and assigned a "Token Requestor ID" per the EMVCo Tokenization Specification.

    d. In claim 1, the identification reference is requested and received from the communications console. (Ex. C, 14:56-61.) BankNet performs this step of claim 1's method when BankNet requests and receives a token (i.e., one or more numbers recognized by BankNet as a tokenization value).

    e. Claim 1: "branding metadata of the encrypted digital media by writing the membership verification token and the electronic identification reference into the metadata." (Ex. C, 14:62-63.) BankNet performs this step when BankNet writes the token to the Vault.

18. On January 7, 2015, Mr. Grecia disclosed the '308 patent to MasterCard. In addition, Mr. Grecia provided MasterCard with a claim chart analyzing an example of MasterCard's infringement of the '308 patent. In addition, Mr. Grecia's counsel had telephone discussions with MasterCard's counsel regarding the '308 patent and Mr. Grecia's patent portfolio, as well as how MasterCard's systems and services infringe these patents. In addition, Mr. Grecia offered MasterCard a non-exclusive license to his entire patent portfolio, including the '308 patent, the '860 patent, and the '555 patent. Based on this, Mr. Grecia alleges that MasterCard knowingly and willfully infringes the '555 patent.

## Prayer for Relief

WHEREFORE, Mr. Grecia prays for the following relief against MasterCard:

(a)     Judgment that MasterCard has infringed claims of the '308 patent, the '860 patent, and the '555 patent;

(b)     For a reasonable royalty;

    (c)       For judgment that the infringements of the '308 patent, the '860 patent, and the '555 patent is willful and entitles Mr. Grecia to treble damages;

    (d)       For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

    (e)       For such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Mr. Grecia demands a trial by jury on all matters and issues triable by jury.

Date: <u>November 18, 2015</u>                Respectfully submitted,

<u>/s/ Matthew M. Wawrzyn</u>
Matthew M. Wawrzyn (*pro hac vice* pending)
*mwawrzyn@siprut.com*
**SIPRUT PC**
17 N. State St., Suite 1600
Chicago, IL 60602
Phone: 312.236.0000
Fax: 312.690.4325

*Counsel for Plaintiff William Grecia*

4851-9650-8203, v. 1